## THE AUTHENTIC.

### In re TICE TOWING LINE, Inc.

District Court, S. D. New York.
July 10, 1936.

Alexander, Ash & Jones, of New York City (Lawson R. Jones and Edward Ash, both of New York City, of counsel), for petitioner.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for damage claimant.

HULBERT, District Judge.

James Angus filed a libel in the United States District Court for the Eastern District of New York to recover the sum of $25,000, damages alleged to have been sustained by him through the negligence of the steamtug Authentic. The Tice Towing Line, Inc., as charterer and operator of said steamtug, subsequently petitioned this court for a limitation of liability. Angus, the only claimant, being stayed from prosecuting his libel, filed an answer and reaffirmed the allegations of the libel.

The proof establishes, and the claimant does not dispute, petitioner's right to limitation. The only question now before the court is the claim of Angus.

On September 24, 1934, the Authentic, a steamtug 75' long, 21' beam, and 9' in depth, picked up the scow Titan at Flushing, Long Island, to tow her to Raritan, N. J.

The Titan, which was being towed on two short hawsers, is 110' long, 33' beam, 10' sides, and draws about 1½' light. It is the usual type of harbor scow having two bulkheads and a cabin astern of the after bulkhead. A space of 3'4" separates the cabin from the stern rail, which is about 10" high and 8" thick. Flush with the deck, and outside of the stern rail, athwartship, is a wearing piece 3½x8", the latter dimension being its width, leaving a flat surface outside, aft of the stern rail, of 5". On the outside of the wearing guard, there are several hanging bumpers or fenders, about eight, varying from 6" to 8" or 10" in diameter and from 3½' to 4½' long, suspended with a rope inserted through a hole leading over the rail through a ring bolt to the inside of the rail. The top end of the bumpers or fenders extends above the deck from 5" to 6".

En route, the tug stopped at East 102d street, where orders were given to pick up the empty coal barge Josephine D, which was lying on the north side of the pier at the foot of East 100th street.

The Josephine D is a wooden barge and, on the date in question, was about 5' higher out of the water than the Titan. She had a pile or bumper, thwartships across her bow, about 10" in diameter on one end and a scant 12" on the other. This was suspended by chains so that its center was about 2'3" below the wearing guard. The barge was so constructed that there was a rake or cutaway in her bow beginning 3' or 4' below her deck and about 12" below the bumper.

It appears that the distance from the center of the bumper of the Josephine D to the water line was about 9'6" and from the after deck of the Titan to the water line was about 9'2", but the stern log rail of the Titan was 10" higher than her deck.

In attempting to pick up the Josephine D astern of the Titan in tandem, rather than side by side, the tug maneuvered to bring the starboard stern corner of the Titan against the starboard forward corner of the Josephine D, leaving an intervening space between the port corners of 5′ to 6′. The starboard lines were made fast and the mooring lines of the barge were cast off. The tug proceeded to draw the barge out of her berth and turned slightly so as to bring the port corners together when, it was anticipated, the port lines would be made fast.

It was during this last operation that, in some manner or other, Angus' right foot was crushed and injured so badly that two successive operations were necessary and the right limb was finally severed above the knee.

It is contended by the claimant that the tug was negligent: (1) In attempting to put the two barges in a tandem formation instead of placing them side by side to avoid the Josephine D overriding the Titan; and (2) in hauling the Josephine D out of her berth before the two barges had been made fast at both corners.

█ Assuming the contention of the claimant to be correct, the tug is not the bailee of its tow (Stevens v. White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699), and damage to a tow raises no presumption of fault, Kenny v. Cornell Steamboat Co. (The W. H. Baldwin) (C.C.A.) 271 F. 411. Negligence must therefore be affirmatively established, The Eastern (C.C.A.) 280 F. 711.

Has the claimant sustained his burden to so establish?

█ His version of the accident is very vague. He testified that, after the starboard lines were made fast, he was standing on the deck of the Titan between the cabin and the stern rail. He stated that he *may* have had the toe of his right foot on the rail, but his heel could not touch the deck. He had passed a light port line to the Josephine D and was waiting for Captain Hoey, of that barge, to throw him the heavy hawser to make fast to the port bitt, about 8′ forward of the stern, when he was struck *with the bumper* of the Josephine D. After that, presumably due to intense pain, he could remember little or nothing.

Captain Hoey testified that he received the light port line from Angus and made it fast to his cleat. He then saw Angus standing—steadying himself—with his back up against the cabin, more on the port side, waiting for the port hawser, with his foot on the rail; but the witness could not see which foot was on the rail. Captain Hoey then walked 14′ astern on his boat to get the coiled hawser, came forward, and threw it toward the port stern bitt of the Titan. Then, or just previously, the port corners came together quite gently, and, as he threw the hawser, he heard Angus "holler."

Captain Hoey then stepped over onto the roof of the Titan's cabin, with the aid of her flagstaff, got down to the deck, and pulled Angus clear of the port hawser. He slipped the noose of the hawser over the port stern bitt and notified the captain of the tug. He noticed Angus' bloody shoe, off his foot, on the deck on the port side of the cabin door.

Captain Hoey stated, "It was my bumper that mashed his foot, where the bumper slides when the boats come together," but later said that such was only his idea, as he had not actually observed the accident.

On the trial, the claimant contended that the bumper of the Josephine D had overridden the Titan and crushed his foot, but now argues that it was the rake or cutaway. Captain Hoey testified that, about the time of the accident, the bumper of the Josephine D was over the deck of the Titan close to the cabin and the rake had just come level with the scow's stern rail. This he observed while making the hawser fast to the bitt.

If the claimant had only the toe of his foot upon the stern rail, it is inconceivable to me how either the bumper or rake could have overridden the stern rail without pushing his foot backwards off the rail, or if, in overriding, either the bumper or rake, from the motion of the water, came down upon the rail, it would have crushed his toes instead of his foot and ankle.

The petitioner claims that Angus put his foot outside the stern rail for some reason and that it was then crushed by the overriding bumper which he could plainly observe as it slowly approached. It contends, therefore, that Angus' own negligence caused the accident. Two of the employees of the Authentic testified that Angus stated to them, shortly after the accident, that he did not know what he was thinking of when he put his foot outside the stern rail.

The claimant had been for eleven years a scow captain and was engaged in a service which was a common and everyday occurrence in the business. The proof is very meager as to what actually happened. Frankly, I am unable to determine just how the accident occurred.

However, the evidence as a whole, and particularly the fact that there is no allegation or proof that either the scow or barge suffered any damage, fails to establish claimant's version as being the proper one.

Certainly there is an utter absence of proof that the negligence on the part of the Authentic was the direct and proximate cause of the injury, and the claimant has failed to sustain his burden of proof.

For these reasons, the claim of Angus must be disallowed.

If these findings do not conform to Admiralty Rule 46½ (28 U.S.C.A. following section 723), either party may submit findings of fact and conclusions of law on five days' notice to the other.